# UNITED STATES

### *v.*

# SEBASTIÁN PORRATA DORIA.

---

San Juan, Criminal, No. 1490.

VIOLATION § 225, PENAL CODE; EMBEZZLEMENT P. O. MONEY ORDER. FUNDS AND WAR SAVINGS FUNDS.

Criminal Law—Punishment.
    1. There is a difference among students as to whether punishment is to be considered mainly as a penalty or as a deterrent. In point of fact, both elements must enter.

United States v. Doria. '

Fine—Imprisonment.
    2. In case of defalcation by a postmaster, a fine under the law must be imposed equal to the amount of defalcation; and imprisonment may or may not be added. In case of a plea of guilty without trial the court has ordinarily imposed one half the imprisonment which it would otherwise impose. In this case, instead of the possible ten years, six years imprisonment is inflicted.

Opinion filed December 2, 1920.

---

*United States Attorney Miles M. Marlin,* for plaintiff.

*Mr. Marlin Travieso, Jr.,* for defendant.

HAMILTON, Judge, delivered the following opinion:

Imposing sentence is the most painful duty which any judge has to perform. I am sure it is with the incumbent of this bench. I would far rather not impose a sentence than do so.

There are two things, however, which I must take into account—which every court must take into account. There is a dispute, perhaps, among scientists and philosophers as to the true basis of punishment. On the one side, it is thought to be punishment literally, a penalty for what one has done; on the other, it is thought of as a deterrent, something that is done to deter others from doing something which injures the public. I do not see why there should be a dispute between people on that point, because both must be involved. There can be no state, there can be no public, unless wrong against the public is punished because it is wrong. If not, we have no basis for morality at all. I have to take both of these points of view into

account. I have had to do it in a number of cases on imposing
sentence, and look back to see and recall what guided me in
different cases. Taking an early one, No. 512, United States
v. Casanova, for a somewhat similar offense; he left the Island
and the marshal spent the greater part of a year, if I recollect
aright, in following him up, located him and brought him, per-
haps from Brazil or somewhere else in South America. The
defalcation in that case, which I have before me, was some
$3,648. The imprisonment was for six years. The next, some-
time afterwards, the United States v. Oller; the defalcation
there was $1,715. The imprisonment was five years. Yet
later, in the United States v. Cabañas, 11 Porto Rico Fed. Rep.
525, the defalcation, if I have the figures correct,—I think I
have,—was $6,623. The punishment was three and one-half
years in the penitentiary. I think there was a plea of guilty
in each case; I do not think there was a trial.

The principle upon which the court goes is this: The law,
Penal Code, § 225, governing the case,—the defalcation of
a postmaster or one of the postoffice employees,—provides that
there must be a fine imposed of the amount of the defalcation;
so that if I have the figures correctly before me, in this case the
sentence must include a fine of $21,732.49, without taking into
account any matter of interest. This is required by law and
there is no option, as I understand it. The fine must amount to
the defalcation.

I am not required by law to impose a term in the peniten-
tiary. The law gives the court three options,—fine or imprison-
ment or both, if I understand its wording. It would be useless,
it would be worse than idle, to talk of imposing a fine of $21,-
000 with no imprisonment. That would simply encourage other

United States v. Doria.

crimes, it would be a public invitation to commit this same offense. This, if I have the figures correctly before me, is the largest defalcation that has been before this court. I do not remember any nearly so large; three times that of the largest that I have been able to recall, so that it is absolutely necessary that there be a penitentiary sentence. Now, what should that be? I do not think that anyone who knows the incumbent of this bench can say that he desires to inflict any punishment because he has the power. I often feel humbled when I realize what power is in my hands, how unfit some times I feel to discharge my duty; and yet it is not the person, it is not the individual, it is the judge. What penitentiary penalty should I inflict? The law allows, as I said, a fine and not exceeding ten years' imprisonment. If the case had been tried before a jury, I can see no reason why practically the full extent of the law should not be imposed. The defalcations were of hundreds of dollars at a time, ran through four years, and were largely gambled away. I see little extenuation. It is very seldom that there is so large a defalcation. The fact that the government did not discover it may show that there is some defect in the inspection system. I do not know; the government is not on trial before me, but it is no excuse for the defendant.

I have ordinarily had this plan: When a prisoner pleads guilty, I cut in half what the law would inflict, should inflict, in a case that has been tried before a jury. Trial really makes very little difference; it simply is a little more time, a little more trouble, a little more expense to a government which is used to all three, that pays its officers in some satisfactory way, but still I have had in mind as far as possible to lessen the punishment where the plea is guilty. Upon the whole, it seems to

United States v. Doria.

me that I cannot do less than what I did in the case of a much smaller defalcation. This defendant is no ignorant man, is a man of education, is a man of good connection, is a man of family. All these things appeal to me, and yet I cannot say that they ought materially to reduce the sentence. It may be that the higher the station, the worse the crime, and this is unfortunately true, that a person who sins, who commits a crime, drags down others with him. That is part of the penalty of the crime. If it was just the man himself, it would make little difference. Sometimes the man would make the case simple by himself ending the matter, but the worst part is, how it affects others,—the family, the little ones, the wife. I appreciate this as fully as anybody can, and yet I can take it into account only in a very modified way.

It seems to me, upon the whole, that, whatever I might wish to do personally, I can do no less than this: Defendant, the sentence of this court is, and there is hereby imposed upon you a fine equaling the defalcation, $21,732.49, and imprisonment in the penitentiary at Atlanta for six years. I am sorry I have to inflict it, but I cannot in justice to the public do less.